Singh v. Garland

BIA
Nelson, IJ
A205 422 199

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-two.

PRESENT:
    ROSEMARY S. POOLER,
    MICHAEL H. PARK,
    WILLIAM J. NARDINI,
        *Circuit Judges.*

_____

SIMRANJIT SINGH,
        *Petitioner*,

    v.                                          19-2009
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Genet Getachew, Law Office of
                        Genet Getachew, Brooklyn, NY.

FOR RESPONDENT:         Brian M. Boynton, Acting
                        Assistant Attorney General;
                        Jennifer P. Levings, Senior
                        Litigation Counsel; Kristin

Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Simranjit Singh, a native and citizen of India, seeks review of a June 7, 2019 decision of the BIA affirming a January 11, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Simranjit Singh,* No. A205 422 199 (B.I.A. Jun. 7, 2019), *aff'g* No. A205 422 199 (Immig. Ct. N.Y.C. Jan. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, reaching only the BIA's reliance on the IJ's adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

Singh failed to exhaust his current challenge to the IJ's adverse credibility determination because he did not raise the challenge before the BIA. While not jurisdictional, issue exhaustion is mandatory when the Government raises it, as it has here. *See Lin Zhong*, 480 F.3d at 107 n.1.

Moreover, in affirming the IJ's adverse credibility determination, the BIA concluded generally that there was no clear error, but did not address individual findings. *See Lin Zhong*, 480 F.3d at 107 n.1, 122. Singh has not identified any reason to excuse his failure to exhaust.

Because Singh's claims were all based on the same factual predicate, the agency's adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006), and his failure to exhaust is therefore fatal to his petition for review.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3